Sutliff, J.
The principal question presented for our consideration upon the petition in error relates to the jurisdiction of the court of common pleas in this case. It is insisted by counsel for plaintiff in error that the statute having provided a particular «manner in which the defendant' in error could have had the award of the arbitrators reviewed by the court of common pleas, and the defendant not having availed himself of that provision to take the case before that court for review, he is precluded from bringing the case before the common pleas in any other manner.
The correctness of this position, we apprehend, depends upon the *201 terras of the act authorizing the district court to revise and vacate the first order made by the court of common' pleas in the case confirming the award.
Upon examining the statutes in force upon the subject in May, 1853, at the time the writ of certiorari was issued by the district •court, it will be seen that the proceeding in certiorari was applicable to the final order made by the court of common pleas. And it is not pretended that there is any express provision contained in the statute under consideration excluding the jurisdiction of the district court in the case.
If the district court then had jurisdiction to issue a writ of certiorari in the case, and to thereby obtain supervisory power over the final order of the common pleas, that jurisdiction and power carried with it the authority to dictate to the common pleas an amendment, reversal, or vacation of the order so revised.
Indeed, it is difficult to perceive how the jurisdiction, denied to the common pleas by counsel for plaintiff in error, to make an order, in obedience to the mandate from the district court setting ■aside the proceedings under the award, could depend upon the- case having been appealed to that court from the award of the arbitrators.
Suppose the defendant had availed himself of the provisions of the statute, and, within the ten days, filed his exceptions to the award of the arbitrators? In that case the proceedings would only have been reviewed by the court of common pleas, and that court would still have had to make a final order in the case; and it might have been the same order in substance which it did make ■simply approving and confirming the award and appropriation.
But obviously, in that case, the final order so made by the court of common pleas, might have been revised by the district court *upon certiorari. And if reversed for error, a mandate from the district court to vacate such order, would, as in all similar cases, be sufficient authority for the common pleas to set aside and vacate the order which had been so adjudged erroneous by the district court.
If those views be correct, it is evident that the common picas not only had jurisdiction and authority to set aside or vacate the.final order so before made by that court upon the award of the arbitrators, but in fact had no other alternative but to comply with the mandate received from the district court.
If any error- intervened in setting aside the award of the arbi *202 trators, the district court, and not the court of common pleas, is chargeable with that error.
But we do not perceive any error in the action of the district court, in setting aside, under the proceeding of certiorari, the final order made by the court of common pleas upon the award of the arbitrators.
We have already observed that the district court, at the time of issuing the writ of certiorari, had undoubted jurisdiction to revise the action of the common pleas in the matter.
When the .case came before the district court, it was the dujy of that court to examine the record of the proceedings of the arbitrators, and the action of the common pleas thereon, and, if found in conformity with law, to affirm the same ; but if found irregular, and not in conformity with the statute regulating such proceedings, to vacate and reverse the order and judgment of the common pleas.
The constitution of 1802, under which the statute governing these proceedings was enacted, like the constitution of 1851, provided that the compensation to be made to the owners of private property taken and made subservient to public use, should be in money. But it was the practice under the former constitution, and such is the provision of the statute under consideration, to make the actual damage sustained by the owner the measure of his compensation.
The statute provides that the appraisers “ shall consider the benefit as well as injury which such owner shall sustain by reason. *of such railroad, and shall forthwith return their assessment of damages to the clerk of said court, setting forth the value of the property taken, or damage done to the property; the amount of benefit conferred, and the difference between the value of, or damage done to the property taken, which they assess to such owner or owners separately; to bo by him filed and recorded,”..... “ and on motion by any party interested and showing said proceedings, the court may order payment thereof.”
This statute, as well as the constitution under which it was enacted, evidently required the damage to be assessed and paid in money; but the appraisers in this ease assess the damage or compensation to bo paid by the plaintiff to defendant to be “$150, with a wagon-way and stop for cattle,” as the damages sustained by Holler.
Neither the constitution, the statute, nor the order of court, authorized the compensation duo the owner of property, under such *203 circumstances, to be assessed or paid by constructing for him wagon roads and cattle passes, or otherwise than in money, without his agreement to accept the same as such compensation. The report of the appraisers being, therefore, irregular and unauthorized by the statute, the court of common pleas had no authority under the statute to confirm their report; and the district court, for that cause, very properly set aside and vacated the order made by the common pleas upon the report.
And the district court having so reversed the proceedings of* the court of common pleas, and sent down its mandate to that court, the court of common pleas rightfully, in accordance with the mandate, set aside the erroneous order so before made upon the award.
The proceedings and judgment of the court of common pleas are affirmed.
Bartley, C. J., and Brinkerhoee and Scott, JJ., concurred.
Swan, J., did not sit in this case.